# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CARLTON LEROY,**
   Petitioner,

 v.          Case No. 06-C-0691
             (Criminal Case No. 03-CR-289)

**UNITED STATES OF AMERICA,**
   Respondent.

---

## RULE 4 ORDER

  Petitioner Carlton Leroy filed a memorandum to correct his sentence, claiming that his criminal history category was miscalculated. I advised petitioner that in order to consider his arguments I would convert the memorandum into a motion under 28 U.S.C. § 2255 and thus provided the warnings required by Castro v. United States, 540 U.S. 375 (2003), Henderson v. United States, 264 F.3d 709 (7th Cir. 2001), and United States v. Evans, 224 F.3d 670 (7th Cir. 2000). Petitioner responded that he wanted the motion to be converted and presented additional arguments. Therefore, I will proceed to preliminarily examine the motion under Rule 4 of the Rules Governing § 2255 Proceedings, which provides:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Rule 4(b), Rules Governing § 2255 Proceedings.

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

## I. BACKGROUND

On June 14, 2005, I sentenced petitioner to 70 months in prison following his guilty plea to distribution of crack cocaine. Petitioner's pre-sentence report ("PSR") calculated his offense level as 24 and his criminal history category as VI, producing an imprisonment range of 100-125 months under the advisory guidelines. I declined to impose a sentence within the range based on the guidelines' disparate treatment of crack and powder cocaine, and instead imposed sentence based on a 20:1 crack/powder ratio. United States v. Leroy, 373 F. Supp. 2d 887 (E.D. Wis. 2005). Petitioner took no appeal.

## II. DISCUSSION

In his original memorandum to correct the sentence, petitioner made three arguments, all pertaining to his criminal history category under the guidelines. As an initial matter, I doubt that petitioner's guideline claims are cognizable under § 2255. See United States v. Wisch, 275 F.3d 620, 625 (7th Cir. 2001) ("Allegations that the district judge misapplied the sentencing guidelines are not reviewable under § 2255."); Scott v. United States, 997 F.2d 340, 343 (7th Cir. 1993) ("Only extraordinary circumstances--for example, a district court's refusal to implement a provision of the Guidelines designed for the defendant's benefit, coupled with 'cause' for not taking a direct appeal--even call for

2

inquiry."). Given the guidelines' demotion from mandatory to advisory status after Booker v. United States, 543 U.S. 220 (2005), it seems even less likely that such claims may be raised under § 2255. Moreover, by failing to file a direct appeal, petitioner procedurally defaulted any claim that I misapplied the guidelines. He makes no showing of "cause" for the default, by blaming his lawyer, for example. See United States v. Frady, 456 U.S. 152, 167 (1982). Finally, even assuming, arguendo, that petitioner's claims may be raised on collateral attack, the motion must be denied because the claims lack merit.

First, petitioner argued that his armed robbery – party to a crime conviction should not have scored 3 criminal history points. (See PSR ¶ 35.) He stated that the original sentence was six years prison imposed and stayed for four years probation, with ten months in jail as a condition of probation, and that only sentences of imprisonment exceeding one year and one month score 3 points. U.S.S.G. § 4A1.1(a). However, petitioner's probation on this offense was subsequently revoked and he was sent to prison. Under § 4A1.2(k)(1), when a defendant's probation is revoked the court adds the original term of imprisonment to the term imposed after revocation to compute criminal history points under § 4A1.1(a). In this instance, totaling the original and revocation sentences leads to a total term that qualifies for 3 points under § 4A1.1(a). In his response to the Castro warning, petitioner concedes this point. Therefore, this claim is summarily denied.

Second, petitioner argued that his sentences for possession of cocaine – second offense and felon in possession of a firearm, 60 days (PSR ¶ 43) and 10 months (PSR ¶ 46), respectively, were served with school and work release, and that such sentences do not constitute "imprisonment" under § 4A1.1. Therefore, he contends, they should

3

not have scored 2 points under § 4A1.1(b). However, the Seventh Circuit has held that "a sentence of work release in a county jail is a sentence of imprisonment for purposes of section 4A1.1." United States v. Timbrook, 290 F.3d 957, 959 (7th Cir. 2002). In his Castro response, petitioner notes that Timbrook cited two cases which held that confinement in a community treatment center or halfway house is not incarceration within the meaning of the guideline. Id. at 960 (citing United States v. Latimer, 991 F.2d 1509 (9th Cir. 1993) and United States v. Pielago, 135 F.3d 703 (11th Cir. 1998)). Petitioner then claims that he was sentenced to a community center or halfway house rather than a secure jail facility. However, according to court records and the PSR, petitioner was sentenced to serve time in the House of Correction[1] on these cases, not in a halfway house or community correctional center. The fact that state authorities may have allowed petitioner to serve the sentences with Huber release for work and school does not change anything. The claim must be denied.

Third, petitioner argued that he should not have received 1 point under § 4A1.1(e) because the sentence from which he was released within two years of his commencement of the instant offense, i.e., the felon in possession sentence, should not score under § 4A1.1(b) as it was served with work release. Because, for the reasons stated above, that sentence properly scored 2 points under § 4A1.1(b), this claim must also be denied.

---

[1] "Milwaukee County House of Correction is a component of the Milwaukee County jail system where inmates are confined when sentenced to short terms of up to one year." Taylor v. Bradley, No. 04-4061, 2006 U.S. App. LEXIS 12512, at *12 n.6 (7th Cir. May 22, 2006).

4

In his Castro response, petitioner asks that his time spent on pre-trial home confinement be credited towards his sentence. The request must be denied. First, it is the Bureau of Prisons, not the sentencing court, which determines sentence credit. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 333-35 (1992). Second, defendants are not entitled to sentence credit for time spent on pre-trial home detention. See, e.g., Cucciniello v. Keller, 137 F.3d 721, 723 (2d Cir. 1998). To the extent that petitioner is arguing that I should exercise post-Booker discretion to reduce the sentence based on this factor, the court cannot on a § 2255 motion modify a sentence in that fashion.

Petitioner also argues that punishing crack differently than powder cocaine violates equal protection, but this claim too was procedurally defaulted and in any event lacks merit. See United States v. Gipson, 425 F.3d 335, 337 (7th Cir. 2005) (collecting cases).

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

5